# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 29, 2011

143419-22 & (97)(98)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

JOHN M. CHASE, JR. and MELVIN D.
JEFFERSON as Personal Representatives
for the Estate of ROSA LOUISE PARKS,
        Petitioners-Appellees,

v

RAYMOND AND ROSA PARKS INSTITUTE
FOR SELF-DEVELOPMENT and ELAINE
STEELE,
        Respondents-Appellants,

and

SYLVESTER JAMES MCCAULEY, DEBORAH
ANN ROSS, ASHEBER MACHIRIA, ROBERT
DUANE MCCAULEY, MARY YVONNE
TRUSEI, ROSALIND ELAINE BRIDGEFORTH,
RHEA DARCELLE MCCAULEY, SUSAN DIANE
MCCAULEY, SHIRLEY MCCAULEY JENKINS,
SHEILA GAYE KEYS, RICHARD MCCAULEY,
WILLIAM MCCAULEY, CHERYL
MARGUARITE MCCAULEY, SYLVESTER
MCCAULEY III, LONNIE MCCAULEY, and
URANA MCCAULEY,
        Respondents-Appellees.

SC: 143419-22
COA: 293897; 293899;
      296294; 296295
Wayne PC:   2005-698046-DE;
          2006-707697-TV

_____/

      On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the April 19, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. The reference by counsel for the Raymond and Rosa Parks Institute for Self-Development and Elaine Steele, during the

course of oral argument in the Court of Appeals, to the respective percentages of the fees charged by the court-appointed fiduciaries for which he believed the parties to the appeal would be liable, without referring to the terms of the Settlement Agreement, did not constitute a breach of the Settlement Agreement's confidentiality provision, and the finding below that it did is clearly erroneous. The Settlement Agreement contains no provision allocating litigation costs between the parties.

We REMAND this case to the Wayne County Probate Court for further proceedings not inconsistent with this order. We FURTHER INSTRUCT the court to implement Paragraph 1 of the Settlement Agreement within thirty days of the date of this order, or report to this Court within that time why it does not deem it "practicable" to do so.

The motion to dismiss is DENIED.

We do not retain jurisdiction.

MARILYN KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 29, 2011

_____
Clerk

p1220